IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 03, 2015


**PHILANDER BUTLER v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Shelby County**
**No. 8808249, 9004544, 9006943     James M. Lammey, Judge**

———————————————————


**No. W2014-01366-CCA-R3-CO  -  Filed July 14, 2015**

———————————————————


The defendant, Philander Butler, appeals the summary dismissal of his Rule 36.1 Motion to Correct an Illegal Sentence.  The trial court summarily dismissed the motion, finding that the challenged 1989 and 1990 sentences had expired and that "the intent of Rule 36.1 was not to revive old cases."  On appeal, the defendant argues that the rule states that he may challenge an illegal sentence "at any time." He also argues that because he erroneously filed his motion in the wrong division of the Criminal Court for Shelby County that the trial court did not have jurisdiction to deny his motion.  Following our review, we affirm the judgment of the trial court.


 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which ALAN E. GLENN, J., joined.  CAMILLE R. MCMULLEN, J., filed a dissenting opinion.

Philander Butler, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Bryce Phillips, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**Facts and Procedural History**

The defendant pled guilty in 1989 in Case Number 88-08249 to sale of a controlled substance and was sentenced to one hundred twenty days confinement followed by five years of probation. *Philander Butler v. State*, No. W2009-00451-CCA-R3-HC, 2009 Tenn. Crim. App. LEXIS 968 (Tenn. Cirm. App. Dec. 1, 2009). In 1990, he pled guilty in Case Numbers 90-04544 and 90-06943 to possession of a controlled substance with intent to sell and attempted possession of a controlled substance with intent to sell for which he received concurrent sentences of eight and four years respectively. *Id*. They were also imposed concurrently with the 1989 conviction. No direct appeal was taken, and the sentences were completed by the petitioner. In 1999, the petitioner was convicted in federal court of aiding and abetting the possession of crack cocaine with intent to distribute and was sentenced to life imprisonment and ten years of supervised release. *Id*. The enhancement to a life sentence was predicated upon the defendant's earlier 1989 and 1990 Tennessee convictions. The defendant remains incarcerated in a federal prison in Memphis.

Following his federal conviction, the defendant began challenging the legality of his Tennessee convictions and has continued to do so, resulting in a long and arduous history before this court. He has challenged the sentences in post-conviction, habeas corpus, and writ of error coram nobis settings. He has been denied relief in all instances. *Philander Butler v. State*, No. W2012-01512-CCA-R3-CO, 2013 Tenn. Crim. App. LEXIS 293, *3-5 (Tenn. Crim. App. Mar. 28, 2013).

After gaining no relief, the petitioner filed the instant motion to correct an illegal sentence pursuant to Tenn. R. Crim. P. 36.1. The thrust of the defendant's argument in the motion is that his sentences are illegal because they were ordered to be served concurrently rather than consecutively, as statutorily mandated, because he committed the 1990 offense in Case Number 90-06943 while released on bail for the 1989 offense in Case Number 88-08249 and the 1990 offense in Case Number 90-04554 . *See* T.C.A. § 40-20-111(b) (2010); Tenn. R. Crim. P. 32(c)(3)(C). The trial court summarily dismissed the petition. In its written order, the trial court stated the following reasons for the dismissal:

> It appears to the court that the [defendant] was on bond in indictment 90-04544, when arrested for the offense in indictment 90-06943. The court finds that pursuant to [Tennessee Code Annotated section] 40-20-111 and Tennessee Rule of Criminal Procedure 32, the sentences should have run consecutively, rather than concurrently. Notwithstanding, the court finds that the [defendant] is not entitled to relief under Rule 36.1. The sentence for which the [defendant] seeks relief expired in 1994. Therefore, the [defendant] is no longer a defendant to seek relief. A defendant is a person defending or denying the party against whom relief or recovery is sought in

2

an action of suit or the accused in a criminal case. *See* Black's Law Dictionary; Fifth Edition. Pursuant to [Tennessee Code Annotated section] 39-11-106(7), "Defendant" means a person accused of an offense under this title and includes any person who aids or abets the commission of such offense.

The court is also aware that the State Legislature amended the [h]abeas [c]orpus [s]tatute, [Tennessee Code Annotated section] 29-21-101(b)(1) to deny relief to defendants who received concurrent sentencing when consecutive sentencing was required by law. The court finds that the intent of Rule 36.1 was not to revive old cases where the sentences have expired. The sentences at issue are twenty years old and the [defendant] has served those sentences. The court cannot maintain indefinite jurisdiction over such sentences. The [defendant's] motion is hereby denied.

The defendant has timely appealed the trial court's decision.

## Analysis

On appeal, the defendant contends that the trial court erred in summarily dismissing his motion to correct an illegal sentence without appointment of counsel and a hearing. He contends that pursuant to Tenn. R. Crim. P. 36.1, he is entitled to seek relief "at any time," even after expiration of his sentence, if he stated a colorable claim in his motion. He challenges the trial court's finding that it lacked jurisdiction because the defendant was no longer "a defendant," and he also argues that because he was convicted in Division IV of the Criminal Court for Shelby County, the trial court in Division V did not have jurisdiction to rule on the motion.

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the

3

defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. S. Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Rule 36.1 is intended "to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011)). Further, "[w]hile the State, on appeal, concedes that the petitioner is entitled to counsel and a hearing, we are not bound by such a concession." *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *5 (Tenn. Crim. App. Oct. 29, 2014) (citing *State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003)), *perm. app. granted* (Tenn. May 15, 2015).

The defendant argues that his sentences are illegal and that he is entitled to withdraw his guilty pleas. The record reflects that the defendant's sentences expired well before he filed his 36.1 motion. Because the defendant has completely served his sentence, there is no longer a remedy that this court may provide to correct any illegality in the sentence. Accordingly, we conclude that the petition was properly dismissed without appointing counsel or holding a hearing. Regarding the petitioner's jurisdiction claim, he was convicted in the Criminal Court for Shelby County. The judgment of conviction was entered by a trial judge in Division IV, and the defendant filed his 36.1 motion in the trial court for Division V. Both Division IV and Division V are part of the Shelby County Criminal Court. The fact that the defendant erroneously filed his motion in Division V did not divest the trial court of jurisdiction to consider the claim. The petitioner is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

5